UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| ANDREW GRESSETT | CIVIL ACTION |
| --- | --- |
| VERSUS | NO. 18-10893 |
| MARLIN GUSMAN, ET AL. | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is defendants' motion for judgment on the pleadings. Because plaintiff's complaint is barred by *res judicata*, defendants' motion is granted.

## I. BACKGROUND

This case arises out of alleged constitutional violations by unidentified Sheriff's Deputies of Orleans and Jefferson parishes.[1] Over the past 18 months, plaintiff Andrew Gressett has filed two separate lawsuits involving identical allegations.[2]

First, in December 2017, plaintiff filed a complaint alleging that unidentified police officers with the New Orleans Police Department (NOPD) harassed him and made threatening comments towards him on two separate

---

[1] R. Doc. 1.
[2] *See* R. Doc. 1; R. Doc. 12-2 (Case No. 17-16628).

occasions in November and December 2016.³ The complaint was assigned to this Section.⁴ The complaint named as defendants the City of New Orleans and "unidentified [NOPD] officers."⁵ Plaintiff asserted that the officers' conduct violated "federal civil rights statutes."⁶ On March 26, 2018, the City moved to dismiss the complaint.⁷

Before responding to the City's motion to dismiss, plaintiff moved for leave to amend his complaint, and attached his proposed amended complaint to that motion.⁸ In his amended complaint, plaintiff named as defendants: (1) the City of New Orleans; (2) Marlin Gusman, in his official capacity as Sheriff of Orleans Parish; (3) certain unidentified Orleans Parish Sheriff's Deputies; (4) Joseph Lopinto, in his official capacity as Sheriff of Jefferson Parish; (5) certain unidentified Jefferson Parish Sheriff's Deputies; (6) other unidentified law enforcement officers; and (7) an unnamed insurance company.⁹

In the 34-page amended complaint, plaintiff asserted that on numerous occasions dating back to the year 2000, deputies from the Orleans

---

3  R. Doc. 1 at 4-5 (Case No. 17-16628).
4  *See id.* at 1.
5  *See id.*
6  *Id.* at 2.
7  R. Doc. 7 (Case No. 17-16628).
8  R. Doc. 12 (Case No. 17-16628); R. Doc. 12-2 (Case No. 17-16628).
9  R. Doc. 12-2 at 1 (Case No. 17-16628).

and Jefferson Parish Sheriff's Offices (OPSO and JPSO) "harassed and stalked" him at various public restaurants and stores.[10] For instance, plaintiff alleged that on March 18, 2018, he was eating at a Chick-fil-A in Jefferson Parish when a uniformed deputy walked into the restaurant carrying a "plastic black folder with a cell phone on top."[11] Plaintiff alleged that the deputy ordered food, and then placed his belongings and food on a table "right next to" plaintiff in an otherwise "almost empty restaurant."[12] Plaintiff was allegedly "forced to relocate in the middle of his meal to another table" as a result of the deputy's behavior.[13] The other specific instances of alleged stalking and harassing conduct involved similar encounters with law enforcement officers.[14] Plaintiff asserted that deputies from OPSO and JPSO know where he is because they track his location using "license plate reading equipment, other . . . cell phone pinging or tracking equipment and/or possibly his personal cell phone."[15] In this amended complaint, plaintiff specifically alleged violations of 42 U.S.C. § 1983 and 18 U.S.C. § 2261A, and also asserted a state-law claim for negligence.[16] For the purposes of his

---

[10] *See id.* at 11-29.
[11] *Id.* at 13.
[12] *Id.*
[13] *Id.*
[14] *See id.* at 11-29.
[15] *See, e.g., id.* at 13.
[16] *Id.* at 3, 31.

3

Section 1983 claim, plaintiff's complaint raised violations of his Fourth Amendment right to be free of unreasonable searches and seizures.[17]

The Magistrate Judge denied plaintiff's motion to amend his complaint on May 2, 2018.[18] On May 16, 2018, plaintiff filed an objection to the Magistrate Judge's order.[19] On August 1, 2018, the Court granted the City's motion to dismiss the initial complaint under Rules 12(b)(1), 12(b)(5), and 12(b)(6), and took up plaintiff's objection to the Magistrate Judge's denial of leave to amend.[20] The Court affirmed the Magistrate's decision, and explained that granting plaintiff leave to amend his complaint would be futile, because his amended complaint failed to state a claim for which relief could be granted.[21] The Court noted:

> First, plaintiff's Fourth Amendment claim under Section 1983 fails because plaintiff's additional allegations do not describe any seizure by law enforcement personnel. Second, plaintiff's Section 2261A claim fails because . . . that provision does not create a private cause of action. Third, plaintiff's negligence claims fail because the additional allegations still fail to specify the duty allegedly breached by defendants.[22]

---

[17]  *See* R. Doc. 33 at 4 (Case No. 17-16628).
[18]  R. Doc. 20 (Case No. 17-16628).
[19]  R. Doc. 22 (Case No. 17-16628).
[20]  R. Doc. 33 (Case No. 17-16628).
[21]  *Id.* at 13-16.
[22]  *Id.* at 15.

4

The Court therefore dismissed plaintiff's complaint with prejudice.[23] Plaintiff then sought review under Federal Rule of Civil Procedure 59 of the Court's order dismissing his case and denying leave to amend.[24] The Court denied that motion on February 6, 2019.[25] Plaintiff appealed the Court's orders to the Fifth Circuit Court of Appeals on March 4, 2019.[26]

On November 13, 2018—after plaintiff filed his Rule 59 motion but before the Court ruled on it—plaintiff filed the instant complaint.[27] The complaint is nearly identical to the amended complaint plaintiff filed in his previous litigation.[28] As in his amended complaint, plaintiff names as defendants: (1) Marlin Gusman, in his official capacity as Sheriff of Orleans Parish; (2) certain unidentified Orleans Parish sheriff's deputies; (3) Joseph Lopinto, in his official capacity as Sheriff of Jefferson Parish; (4) certain unidentified Jefferson Parish sheriff's deputies; (5) other unidentified law enforcement officers; and (6) an unnamed insurance company.[29] Unlike his prior amended complaint, plaintiff does not name the City of New Orleans

---

[23] R. Doc. 34 (Case No. 17-16628).
[24] R. Doc. 36 (Case No. 17-16628); R. Doc. 37 (Case No. 17-16628).
[25] R. Doc. 45 (Case No. 17-16628).
[26] R. Doc. 46 (Case No. 17-16628).
[27] *See* R. Doc. 1. This lawsuit was initially assigned to Judge Lance Africk, but it was transferred to this Section because it involves the same subject matter as plaintiff's prior complaint. *See* R. Doc. 13.
[28] R. Doc. 1; R. Doc. 1 (Case No. 17-16628).
[29] R. Doc. 1 at 1.

as a defendant.[30] Plaintiff again alleges that OPSO and JPSO deputies have harassed and stalked him in various restaurants and public stores.[31] The dates and locations of the alleged harassing behavior are identical.[32] Finally, plaintiff's causes of action are identical to those in his previous amended complaint.[33] He states that defendants violated his Fourth Amendment rights, and asserts violations of 42 U.S.C. § 1983, 18 U.S.C. § 2261A, and state-law negligence.[34]

Defendants now move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), on the ground that plaintiff's complaint is barred by *res judicata*.[35] Plaintiff opposes the motion.[36]

## II. LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is appropriate if the matter can be adjudicated by deciding questions of law rather than factual disputes. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). It is subject to the

---

[30] *See id.*
[31] *Id.* at 9-27.
[32] *Compare id., with* R. Doc. 12-2 at 11-29 (Case No. 17-16628).
[33] *See* R. Doc. 1 at 2-3, 29.
[34] *Id.*
[35] R. Doc. 11.
[36] R. Doc. 19.

same standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009). But the court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it

7

is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Defendants argue that plaintiff's complaint is barred by "*res judicata* and/or claim preclusion," because he brings the same allegations that were included in his amended complaint in the prior lawsuit.[37] "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as '*res judicata.*'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Claim preclusion bars relitigation of claims "that have been litigated or should have been raised in an earlier suit." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007). The rule "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The test for claim preclusion has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both

---

[37] R. Doc. 11-1 at 4.

actions. *See Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004).

All four requirements are met here. First, all of the defendants named in the current lawsuit were also named in plaintiff's prior amended complaint.[38] Second, the judgment dismissing plaintiff's prior lawsuit was rendered by a federal court, which is a court of competent jurisdiction. *See St. Bernard Citizens for Env't Quality, Inc. v. Chalmette Refining, LLC*, 500 F. Supp. 2d 592, 608 (E.D. La. 2007). Third, the prior action was concluded on a final judgment on the merits. In plaintiff's prior action, the Court dismissed his initial complaint and, upon plaintiff's objection, affirmed the Magistrate's order denying him leave to amend.[39] The Court held that granting plaintiff leave to amend would be futile, because the amended complaint failed to state a claim for which relief could be granted pursuant to Rule 12.[40] The court accordingly dismissed plaintiff's claims with prejudice and issued a judgment.[41] This constitutes a final judgment on the merits of plaintiff's claims in his amended complaint. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure

---

[38] *See* R. Doc. 1 at 1; R. Doc. 1 at 1 (Case No. 17-16628).
[39] *See* R. Doc. 33 at 13-16 (Case No. 17-16628).
[40] *Id.* at 15.
[41] *Id.*; R. Doc. 34 (Case No. 17-16628).

9

to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993) ("A dismissal which is designated with prejudice is normally an adjudication on the merits for purposes of *res judicata*." (internal quotation marks omitted)).

Finally, plaintiff's prior amended complaint contained the same claims and causes of action as the ones in his current complaint. Both complaints contain identical allegations of harassment and stalking by members of the OPSO and JPSO.[42] Plaintiff includes in his complaint here the same specific encounters with law enforcement—*i.e.*, encounters at the same locations and on the same dates—as he recounted in his prior amended complaint.[43] His current complaint in fact appears to be largely a copy-and-paste of his prior amended complaint.

Plaintiff's complaint is therefore barred by *res judicata*.

---

[42] *See* R. Doc. 1; R. Doc. 12-2 (Case No. 17-16628).
[43] *Compare* R. Doc. 1 at 9-27, *with* R. Doc. 12-2 at 11-29 (Case No. 17-16628).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion is GRANTED. Plaintiff's complaint is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __23rd__ day of May, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE